UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 26-897-MWF(E) | Date:  March 3, 2026 |

Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Petitioner:<br>None Present | Attorneys Present for Respondents:<br>None Present |

**Proceedings (In Chambers):**  ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER IN SUPPORT OF PENDING HABEAS PETITION [2]

Before the Court is the Emergency Motion for Temporary Restraining Order in Support of Pending Habeas Petition (the "Motion") filed by Petitioner Gurbhej Singh on February 24, 2026.  (Docket No. 2).  Respondents filed a Response on February 27, 2026.  (Docket No. 6).  Petitioner filed a Reply the same day.  (Docket No. 7).

The Motion is **GRANTED** *in part* and **DENIED** *in part*.  The Motion is **GRANTED** as to the alternative relief of a bond hearing because Petitioner is entitled to a bond hearing as a member of the *Maldonado Bautista* class.  The Motion is **DENIED** as to the request for immediate release because Petitioner has not demonstrated a likelihood of success on his due process claim.

**I.      BACKGROUND**

Petitioner Gurbhej Singh is a native and citizen of India, who entered the United States without inspection on May 13, 2023.  (Docket No. 1 ("Petition") ¶ 2).  He was apprehended by U.S. Border Patrol and taken into custody, but was subsequently released on his own recognizance on May 15, 2023, after a background check.  (*Id.* ¶¶ 2-3).  The same day, DHS issued Petitioner a Notice to Appear.  (*Id.* ¶ 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-897-MWF(E)                              Date:  March 3, 2026
Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

Following his release, Petitioner sought asylum and protection under the Convention Against Torture.  (*Id.* ¶ 4).  In the intervening two years, Petitioner gained employment authorization and maintained lawful employment, paid taxes, and appeared at every hearing or check-in.  (*Id.*).  He was never arrested, charged, nor convicted of any crime since entering the United Stated.  (*Id.*).

Petitioner appeared on December 5, 2025, for a final merits hearing on his asylum application, and the Immigration Judge took the matter under advisement.  (*Id.*).  On December 10, 2025, Petitioner was stopped by police in the City of Fontana "during routine traffic enforcement activity."  (*Id.* ¶ 5).  Petitioner alleges that the police identified he had a pending asylum case and notified ICE.  (*Id.*).  DHS then re-detained him that same day.  (*Id.*).

On December 11, 2025, the IJ denied relief, presumably as to the Petitioner's application for asylum, although the Petition is somewhat unclear on this point.  (*Id.* ¶ 6).  On February 4, 2026, Petitioner sought a bond hearing under § 1226(a), but the Immigration Judge denied bond for lack of jurisdiction given the BIA holding in *Matter of Yajure Hurtado*.  (*Id.* ¶ 7; *id.* at Ex. 3).  Petitioner now moves for immediate release or, in the alternative, an individualized custody determination within three days of the Court's Order.

II.     **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 26-897-MWF(E)            Date: March 3, 2026

Title: Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

### III. DISCUSSION

#### A. Likelihood of Success on the Merits

Petitioner's Motion advances two arguments: first, that as a *Maldonado Bautista* class member, he is likely to succeed on his claim that his detention without a bond hearing violates § 1226; and second, he is entitled to immediate release because his due process rights were violated. (*See generally* Motion). The Court will consider each in turn.

##### 1. Relief Under § 1226(a)

As to the first argument, Respondents concede that Petitioner is a member of the *Maldonado Bautista* class. (*See* Response). But Respondents argue that the Court should only grant Petitioner a bond hearing within 7 days, rather than immediate release. (*Id.*).

Respondents (correctly) do not seem to argue that the February 4, 2026, bond hearing was sufficient to satisfy the requirements of § 1226(a). Indeed, since Petitioner's hearing on February 4, the court in *Maldonado Bautista* has issued an Order enforcing the judgment on February 18, 2026. *See Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.,* EDCV 25-1873-SSS-BFM, at Docket No. 116. As part of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 26-897-MWF(E) | Date:  March 3, 2026 |
| Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al. | |

the relief granted in that Order, the court vacated *Matter of Yajure Hurtado* in order to give effect to the Judgment and prevent the precise type of circumvention of the Judgment that occurred at Petitioner's February 4, 2026, hearing.  *Id.* at 15-16, 22. Accordingly, the Court could theoretically order another bond hearing without risking that the IJ comes to the same result.  In other words, such a remedy would not be futile.

In his Reply, however, Petitioner asserts that the "proper remedy" is release given the constitutional violation asserted.  (*See* Reply at 1-2).  Accordingly, the Court considers the procedural due process claim presented by Petitioner.

### 2. Relief Under Due Process

Notably, Respondents provided no opposition in substance to Petitioner's due process arguments.  Accordingly, the Court must evaluate the likelihood of success on the Motion only.

### a. Protected Liberty Interest

While the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings."  *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1205-06 (9th Cir. 2022) (quoting *Hussain v. Rosen,* 985 F.3d 634, 642 (9th Cir. 2021)).  And recent district court cases in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody."  *See, e.g., Pinchi v. Noem,* 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz,* --- F. Supp. 3d ----, 2025 WL 3481771, *2-3 (C.D. Cal. Dec. 2, 2025).

This Court agrees with the rationale from these recent cases.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).  While the Government retains discretion under the INA to make the "initial decision to detain or release an individual[,] … the [G]overnment's decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-897-MWF(E)                    Date:  March 3, 2026
Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

to release an individual from custody creates an 'implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the … conditions [of release].'" *See Pinchi,* 792 F. Supp. 3d at 1032 (citing *Morrissey v. Brewer,* 408 U.S. 471, 482 (1972)).  This rationale is entirely on point here, where Petitioner was released on his own recognizance after ICE found that he was not a flight risk nor a danger to the community.  Petitioner attended his check-ins and was not arrested or convicted of a crime.  And Respondents present no competing facts suggesting that Petitioner has failed to live up to the conditions of his initial release.

Petitioner thus has a protected liberty interest in remaining out of custody following his release.

### b. *Mathews* Test

In assessing procedural due process claims to immigration detention process, courts in the Ninth Circuit apply the familiar test from *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).  *See Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1205-07 (9th Cir. 2022).  The three factors considered under *Mathews* are "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* (quoting *Mathews,* 424 U.S. at 335 (emphasis omitted)).

*First*, the Court agrees that the private interest at stake is substantial.  (Motion at 12).  Since being allowed to remain in the United States on his own recognizance, Petitioner has gained employment, paid taxes, and established community ties.  (*Id.*).  However, the fact of the IJ's determination on December 11, 2025, gives the Court some reason to pause before giving substantial weight to the private interest.  *See Pinnacle Armor, Inc. v. United States,* 648 F.3d 708, 716 (9th Cir. 2011) (*Mathews* analysis is "flexible depending on the circumstances").  Specifically, the Petition merely notes that the IJ "denied relief" on December 11, 2025, which is after Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 26-897-MWF(E)           Date: March 3, 2026
Title: Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

was detained. But notably the IJ's December 11th order is not attached to the Petition. By context from the Petition, it appears that the "relief" that was denied was the asylum application and withholding of removal. But given the timing of the IJ's disposition, it is somewhat unclear whether the IJ considered Petitioner's detention with the Order on Petitioner's other requested relief. And without a copy of the IJ's order, the Court is left with some unanswered questions as to the scope of that order and whether Petitioner was afforded any process through that proceeding. As the Ninth Circuit has explained, courts "must also consider the process [that petitioners] receive[] during [their detention]." *See Rodriguez Diaz,* 53 F.4th at 1208.

    ***Second***, under the *Mathews* test, the Court considers the risk of erroneous deprivation of liberty without a pre-detention hearing. "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." *See Pinchi,* 792 F. Supp. 3d at 1035. Petitioner's release after his initial arrival was premised on Respondents' determination that he was not a flight risk or a danger to the community, because ICE is not permitted to release detainees without first making such a determination. *See Pinchi,* 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release Ms. Garro Pinchi if she was a danger to the community or a flight risk, the Court must infer from Ms. Garro Pinchi's release that ICE determined she was neither."). There is nothing in the record suggesting that an IJ would find Petitioner to be a danger to the community, as Petitioner represents he has no criminal record and Respondents have not contested that fact. (Motion at 16). He has also appeared for every check-in and hearing and maintains employment, and thus it does not appear he would become a flight risk, although this showing would be stronger if Petitioner had included more details on his community ties or other reasons he is incentivized against absconding. (*Id.*).

    But as with the first prong, if the IJ did pass upon Petitioner's detention in some way in the December 11, 2025, denial of "relief," then that would also be significant to consider here. In *Rodriguez Diaz,* like under the first prong of the *Mathews* test, the court also considered post-detention process in determining the risk of erroneous deprivation. *See* 53 F.4th at 1209-10. The court held that the post-deprivation procedures afforded to petitioner there "sufficiently protected Rodriguez Diaz's liberty

---

**CIVIL MINUTES—GENERAL**           6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-897-MWF(E)**                    **Date:  March 3, 2026**
**Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.**

interest and mitigated the risk of erroneous deprivation." *Id.* at 1209.  Accordingly, the Court again notes there is some ambiguity on this prong of the *Mathews* analysis.

*Third,* courts have routinely recognized that the Government's interest in detaining individuals like Petitioner without a hearing is "low."  *See Fernandez,* CV 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025); *Meneses,* 2025 WL 3481771, at *4.  This is particularly so where the Government has not shown — or, as here, attempted to substantively argue — that "Petitioner's detention serves either to prevent flight or a danger to the community."  *See Padilla v. Bowen,* 2025 WL 3251368, at *7 (citing *Hernandez v. Sessions,* 872 F.3d 976, 994 (9th Cir. 2017)).  Nor are "the costs of providing such protections … fiscally or administratively onerous."  *Pinchi,* 792 F. Supp. 3d at 1036.

On balance, although the Court certainly recognizes the liberty interest at stake, there remain unanswered questions about the process that Petitioner has received since being detained.  Given the Ninth Circuit's reasoning in *Rodriguez Diaz,* the Court cannot hold that Petitioner has demonstrated a likelihood of success under the *Mathews* analysis without considering the extent of process that Petitioner was afforded.

Nonetheless, as Respondents have conceded, there can be no dispute that Petitioner is a member of the *Maldonado Bautista* class and thus is entitled to a bond hearing pursuant to the final Judgment entered in that case.  Consistent with the Response and the orders in *Maldonado Bautista,* the Motion is **GRANTED** *in part* as to the request for a bond hearing.  Specifically, Respondents are **ENJOINED** from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an Immigration Judge, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order.

The Court further **ORDERS** the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order by **March 11, 2026**, **at 12:00 P.M.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-897-MWF(E)             **Date:**  March 3, 2026

Title:  Gurbhej Singh v. Warden of the Desert View Detention Facility, et al.

    As the parties are aware, this case has been referred to Magistrate Judge Charles F. Eick.  (Docket No. 3).  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Eick for decision.

    IT IS SO ORDERED.